Howard **BLOOMGARDEN**, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE**, Defendant.

**Civil Action No. 12–0843 (ESH)**

United States District Court,
District of Columbia.

Signed 05/25/2017

Jack Earley, Irvine, CA, Scott A. Hodes, Attorney at Law, Washington, DC, Howard Walton Anderson, III, Law Office of Howard W. Anderson, III, Clemson, SC, Torrence E. S. Lewis, Law Office of Torrence E. S. Lewis, Pittsburgh, PA, for Plaintiff.

Christopher Charles Hair, Michael Benjamin Posner, U.S. Attorney's Office for

the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM OPINION

ELLEN SEGAL HUVELLE, United States District Judge

Plaintiff Howard Bloomgarden sued the Department of Justice ("DOJ") to compel the production of records by the Executive Office for United States Attorneys ("EOU-SA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.* (Am. Compl., Nov. 9, 2012, ECF No. 11.) After years of litigation, the government produced 2,035 unredacted pages and 1,013 partially redacted pages of the 3,700–page file that plaintiff requested. (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. for Atty's Fees ("Pl.'s Mot."), Sept. 29, 2016, ECF No. 145–1, at 8.) Plaintiff now moves for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d) and 5 U.S.C. § 552(a)(4)(E). (*Id.* at 1, 9.) The government disputes that plaintiff is entitled to fees and costs and argues that, even if plaintiff were entitled to fees, the government should pay less than plaintiff seeks. (Def.'s Mem. in Opp'n to Pl.'s Mot. for Atty's Fees ("Def.'s Opp'n"), Oct. 26, 2016, ECF No. 147, at 5.)

Upon consideration of plaintiff's motion, defendant's opposition, and plaintiff's reply (Pl.'s Reply to Def.'s Opp'n ("Pl.'s Reply"), Nov. 7, 2016, ECF No. 149), and for the reasons that follow, plaintiff's motion will be granted in part and denied in part. The Court finds that plaintiff is entitled to recover fees and costs pursuant to FOIA but less than the amount requested.[1] Accordingly, plaintiff will be awarded $45,518.23 in fees and costs.

## BACKGROUND

This Court has described in detail the background of this case in its earlier opinions. (*See* Mem. Op., Jan. 22, 2014, ECF No. 31, at 1–4; Mem. Op., Feb. 5, 2016, ECF No. 106, at 1–3; Mem. Op. & Order, April 13, 2016, ECF No. 118, at 1–2; Mem. Op., July 19, 2016, ECF No. 134, at 1–2.) It will therefore limit its discussion to those of the facts that are relevant to plaintiff's current request for attorney's fees.

Plaintiff filed this FOIA action in 2012 in order to obtain the disciplinary file of a former Assistant United States Attorney in the United States Attorney's Office for the Eastern District of New York ("USAO–EDNY"). Plaintiff hoped that these documents would provide evidence of prosecutorial misconduct, which plaintiff had raised as a defense to the California state murder charges that had been brought against him. Plaintiff continued to press his FOIA request after he was convicted of those charges in 2014, to support his motion for a new trial.

After plaintiff filed his FOIA request, the EOUSA searched without success for the requested documents.[2] When the government could not identify any responsive documents, it moved for summary judgment. (Def.'s Mot. for Summ. J., Sept. 4, 2013, ECF No. 23.) On the basis of "five [ ] sworn declarations from three government employees detailing their search for responsive documents," this Court found that the government reasonably discharged its duties under FOIA and granted the government's motion. (Mem. Op., Jan. 22,

---

1. Plaintiff cites Fed. R. Civ. P. 16 as an alternative basis for a fee award. (Pl.'s Mot. at 14–15.) Because the Court concludes that plaintiff is entitled to fees and costs under FOIA's fee-shifting provision, the Court need not address this argument.

2. The EOUSA provides administrative support to the United States Attorney's Offices, including the coordination of responses to FOIA requests.

2014, at 7.) Plaintiff appealed. (Notice of Appeal, March 31, 2014, ECF No. 33.)

While plaintiff's appeal was pending, another agency of the government located documents responsive to plaintiff's FOIA request, including a 35–page disciplinary letter. *Bloomgarden v. U.S. Dep't of Justice*, 2014 WL 6725736, at *1 (D.C. Cir. Nov. 13, 2014) (per curiam). Accordingly, the Court of Appeals dismissed plaintiff's appeal as moot and remanded the matter to this Court for further proceedings. *Id.*

On remand, this Court ordered the parties to confer and file a joint status report. (Minute Order, Jan. 14, 2015.) Plaintiff continued to seek disclosure of the entire disciplinary file, but the government refused to release any of the requested documents. (Status Report, Jan. 28, 2015, ECF No. 41, at 1–2.) After reviewing the parties' status report, the Court ordered the government to produce an unredacted copy of the 35–page disciplinary letter for *in camera* review. (Order, Feb. 20, 2015, ECF No. 42.) At the March 4, 2015 status conference, the Court set a briefing schedule for dispositive motions and ordered the government to produce a *Vaughn* Index outlining the legal bases for withholding the disciplinary file. (*See* Minute Order, Mar. 10, 2015.) On May 26, 2015, plaintiff moved for summary judgment. (Pl.'s Mot. For Summ. J., ECF No. 49.) The government cross-moved for summary judgment on July 15, 2015. (Def.'s Mot. For Summ. J., ECF No. 67).

As this Court noted,

[t]he Vaughn Index produced by DOJ was woefully inadequate, lumping hundreds of pages together into single entries and inadequately explaining why particular exemptions applied to particular documents. The Court was thus unable to rule on the vast majority of documents in the disciplinary file, though having reviewed certain documents *in camera*, it did rule that a 35–page disciplinary letter ... from the file was properly withheld in its entirety under Exemption 6. The Court also noted that DOJ had failed to press its Exemption 5 argument in its motion, and thus that argument was deemed abandoned.

(Mem. Op. & Order, April 13, 2016, at 2 (citations omitted).)

Because of the "complete waste of time and expense that creating a proper Index would entail," the Court proposed—and the parties agreed—that

(1) plaintiff would forego a proper *Vaughn* Index in exchange for (2) defendant disclosing any public documents it had previously withheld and (3) consenting to the *in camera* review of selected documents by Judge Rappe [who presided over plaintiff's California criminal case] for any possible *Brady* material related to plaintiff's California criminal case.

(Order, Feb. 17, 2017, ECF No. 110, at 1.) When the government indicated that it would withhold all court documents originally filed under seal, the Court ordered the government to file an index of the documents withheld pursuant to *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195 (D.C. Cir. 1991). (Minute Order, Nov. 16, 2015.) The Court ultimately rejected the government's *Morgan* claims and ordered the government to produce the court filings that had been filed under seal some twenty years earlier. (Order, Jan. 5, 2016, ECF No. 100, at 1.)

Notwithstanding the Court's proposal, plaintiff moved for a new *Vaughn* index, which the government agreed to produce.

Because the new *Vaughn* Index [was] only necessary because of DOJ's shoddy initial effort, the Court included a provision ordering that DOJ not get a second bite at the apple—having relied on Exemptions 6 and 7(C) initially, it would be

bound by those litigation choices moving forward. DOJ's motion to amend that Order followed, arguing that despite its admitted error, it should be allowed to assert Exemptions 3, 7(D), and 7(F) to protect innocent third parties. (Mem. Op. & Order, April 13, 2016, at 2 (citations omitted).) Granting the government's Motion to Amend, the Court allowed the government to raise new legal bases for withholding documents in order to protect informants and other third parties who might otherwise be prejudiced by disclosure. (*Id.* at 5.) At the same time, the Court ordered the government to release to plaintiff all reasonably segregable information within the withheld documents. (*Id.*)

In June 2016, the parties again cross-moved for summary judgment with respect to the documents the government continued to withhold. (Pl.'s Mot. for Summ. J., June 8, 2016, ECF No. 127; Def.'s Mot. for Summ. J., June 20, 2016, ECF No. 129.) Finding the government was correct in withholding the remaining documents, the Court denied plaintiff's motion for summary judgment and granted the government's cross-motion for summary judgment. (Mem. Op., July 19, 2016, at 7.) This Motion for Attorney's Fees followed plaintiff's unsuccessful Motion to Amend Judgment. (*See* Order, Aug. 12, 2016, ECF No. 141.)

## ANALYSIS

 FOIA provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case ... in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). As the D.C. Circuit has explained, the fee-shifting statute's language

> naturally divides the attorney-fee inquiry into two prongs, which our case law has long described as fee "eligibility" and fee "entitlement." *Judicial Watch,*

*Inc. v. U.S. Dep't of Commerce,* 470 F.3d 363, 368–69 (D.C. Cir. 2006). The eligibility prong asks whether a plaintiff has "substantially prevailed" and thus "may" receive fees. *Id.* at 368. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees. *Id.* at 369.

*Brayton v. Office of the U.S. Trade Representative,* 641 F.3d 521, 524 (D.C. Cir. 2011). If a court finds that a litigant is both eligible and entitled to fees pursuant to FOIA, the court must then consider whether the moving party has met its burden to establish that the requested fees are reasonable. *See Elec. Privacy Info. Ctr. v. United States Dep't of Homeland Sec.,* 218 F.Supp.3d 27, 38, 2016 WL 6879251, at *6 (D.D.C. Nov. 21, 2016) ("The party seeking fees has the additional burden of establishing the reasonableness of the fees requested.")

Here, plaintiff contends, and the government agrees, that he is eligible for fees under the first prong of the attorney-fee inquiry. (Pls.' Mot. at 9; Def.'s Opp'n at 5.) However, the government argues that plaintiff is not entitled to fees under the second prong of the inquiry and that, even if he were, "the amount [plaintiff] seeks is disproportionate to the work that led to the release of documents." (Def.'s Opp'n at 5.)

## I. PLAINTIFF'S FEE ELIGIBILITY

To be eligible for attorney's fees pursuant to FOIA, the party seeking fees must have "substantially prevailed" in the litigation. 5 U.S.C. § 552(a)(4)(E)(i). A party has "substantially prevailed" by obtaining relief through either "a judicial order, or an enforceable written agreement or consent decree" or through "a voluntary or unilateral change in position by the agen-

cy, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii)(I)–(II). The government does not dispute that plaintiff substantially prevailed in his FOIA lawsuit, and the Court concludes that plaintiff is eligible to recover attorney's fees and costs based on the court-ordered release of documents. (*See* Def.'s Opp'n at 5.)

## II. PLAINTIFF'S FEE ENTITLEMENT

To determine whether a FOIA plaintiff who is eligible for a fee award is also entitled to a fee award, courts must assess four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." *Davy v. C.I.A.*, 456 F.3d 162, 166 (D.C. Cir. 2006) ("*Davy I*") (quoting *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). While "[n]o one factor is dispositive" of the plaintiff's entitlement to fees, "the court will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Davy v. C.I.A.*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) ("*Davy II*") (citations omitted). "The sifting of those criteria over the facts of a case is a matter of district court discretion." *Tax Analysts*, 965 F.2d at 1094 (citing *Church of Scientology v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981)). Below, the Court considers each factor in light of the particular circumstances of this case.

### A. The Public Benefit Factor

The first factor to consider when determining whether a FOIA litigant is entitled to fees is the "public benefit." This factor weighs in favor of an award of attorney's fees "where the complainant's victory is likely to add to the fund of public information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoting *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979)). "This first factor requires consideration of both the effect of the litigation for which fees are requested and the public value of the information sought." *Elec. Privacy Info. Ctr. v. F.B.I.*, 72 F.Supp.3d 338, 345 (D.D.C. 2014) (citations omitted).

Plaintiff does not contend that the records produced here "per se" benefit the public, but instead he argues that "the public interest in the records *sought* is plainly significant" because plaintiff believed those records could have revealed prosecutorial misconduct. (Pl.'s Mot. at 10–11.) The government responds that the public interest in the documents that plaintiff requested was negligible at best, as plaintiff hoped to further his efforts to secure a new trial in California state court, not inform the public of government misconduct. (Def.'s Opp'n at 6.) The government has the better argument.

Here, plaintiff's success is not "likely to add to the fund of public information that citizens may use in making vital political choices." *See Cotton*, 63 F.3d at 1120. The D.C. Circuit has made it clear that a "personal stake in using the requested records to attack [a FOIA litigant's] convictions does not count in the calculation of the public interest." *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated on other grounds*, 541 U.S. 970, 124 S.Ct. 1903, 158 L.Ed.2d 464 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004). Further, the records here implicated a single, low-level prosecutor, not widespread or high-level corruption in the government. As this Court has noted, the vast majority of the 3,700-page file that plaintiff requested has "little if any value to anyone, including plaintiff." (Order, Feb. 17, 2016, at 1.) And, "even if the records [plaintiff] s[ought] would reveal wrongdoing in his case, exposing a single, garden-

variety act of misconduct would not serve the FOIA's purpose of showing 'what the government is up to.'" *Oguaju*, 288 F.3d at 451 (quoting *Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 776, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989)). The Court therefore finds that the public-interest factor weighs against a fee award.

## B. The Commercial Benefit and the Nature of Interest Factors

■ The second and third factors that courts must consider in determining a FOIA litigants entitlement to attorney's fees are the "commercial benefit" and the "plaintiff's interest." Because the second and third factors are closely related, they are often evaluated together. *Tax Analysts*, 965 F.2d at 1095; *see Fenster*, 617 F.2d at 743 ("Two of the four criteria are closely related in this case: the commercial benefit to the complainant and the nature of the complainant's interest in the record sought."). "FOIA was fundamentally designed to inform the public and not to benefit private litigants.... Accordingly, when a litigant seeks disclosure for a commercial benefit or out of other personal motives, an award of attorney's fees is generally inappropriate." *Tax Analysts*, 965 F.2d at 1095 (quotation marks and citations omitted); *Fenster*, 617 F.2d at 743.

With respect to the second factor, it is undisputed that plaintiff derived no commercial benefit from his FOIA request. (*See* Pl.'s Mot. at 12; Def.'s Opp'n at 8–9.) With respect to the third factor, plaintiff "acknowledges that he had a personal incentive to seek the documents at issue as he hoped that they might help him uncover federal-state prosecutorial misconduct sufficient to grant him a new trial in his criminal case." (Pl.'s Mot. at 12.) Plaintiff argues that, notwithstanding his personal interest, "his criminal proceedings are a subject of consistent, long-time public in-

terest" and that, were he to succeed in securing an evidentiary hearing for a new trial in his criminal matter, "the private interest here and the public interest will eventually converge." (*Id.*) The government responds that the nature of plaintiff's interest counsels against a fee award for the same reasons that plaintiff's FOIA litigation was not for the public benefit. (*See* Def.'s Opp'n at 8–9.)

While it is true that plaintiff did not seek to gain a commercial benefit through his FOIA suit, he sought to further his personal interest by trying to use the requested documents to collaterally attack his conviction in California state court. As explained above, there is no public interest in plaintiff's attempt to uncover evidence that would absolve him of criminal liability. *See Oguaju*, 288 F.3d at 450. Because of plaintiff's personal motivation to seek the disciplinary file, the Court finds that the third and fourth factors together weigh against plaintiff's fee request. *See Tax Analysts*, 965 F.2d at 1095.

## C. The Reasonableness of the Agency's Withholding Factor

■ The fourth factor courts must consider is whether the agency's withholding of the records "had a reasonable basis in law." *Id.* at 1096. This factor "is intended to weed out those cases in which the government was 'recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Id.* at 1097 (quoting *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1366 (D.C. Cir. 1977)). Indeed, one of the "twin congressional goals" of FOIA's attorney's fees provision is to provide "compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." *LaSalle Extension Univ. v. Fed. Trade Comm'n*, 627 F.2d 481, 484 (D.C. Cir. 1980). If the government's withholding

of documents is correct as a matter of law, there are no grounds on which to award fees. *Davy II*, 550 F.3d at 1162. However, if the government's withholding of documents is "founded on a colorable basis in law, that will be weighed along with other relevant considerations in the entitlement calculus." *Id.* (quoting *Chesapeake Bay Found., Inc. v. U.S. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993)).

Plaintiff argues that "[e]xcept as to thirteen documents that his Court authorized the Government to withhold ..., the Government's withholdings had absolutely no basis in law and needlessly, grotesquely, protracted this litigation." (Pl.'s Mot. at 13.) Thus, given the statutory goal to compensate litigants faced with unreasonable government obduracy, plaintiff reasons that "this factor alone strongly weighs in favor of an award of fees." (*Id.* (citing *Cuneo*, 553 F.2d at 1365–66).) With good reason, the government concedes that "it should have produced the public and segregable documents in the file earlier." (Def.'s Opp'n at 10.) However, the government argues that this factor is nevertheless "neutral" because the Court "ordered the release of some documents and upheld the withholding of others." (*Id.* (citing *Nkihtaqmikon v. Bureau of Indian Affairs*, 672 F.Supp.2d 154, 173 (D. Me. 2009)).)

While the government was correct in its withholding of a number of documents, this litigation was plagued by the government's obdurate and recalcitrant behavior. The government initially refused to release any documents, including public documents. When the government first attempted to create a *Vaughn* index, it was "woefully inadequate," so the Court was unable to evaluate the government's invocation of FOIA exemptions. (Mem. Op. & Order, April 13, 2016, at 2.) Further, the government neglected its duty to produce any reasonably segregable materials from documents otherwise protected from disclosure, requiring the Court to order it to do so. As the Court noted when the government sought to raise new legal bases for withholding documents, in violation of *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760 (D.C. Cir. 2000), the government "needlessly complicated and prolonged this litigation." (Mem. Op. and Order, April 13, 2016, at 4.) For the above reasons, the Court finds that the fourth factor weighs heavily in favor of awarding fees.

### D. Balancing the Factors for Fee Entitlement

The Court is mindful that no single factor is dispositive of the FOIA fee-entitlement inquiry, and it considers the factors in light of the "twin congressional goals" of the FOIA fee-shifting provision. *See LaSalle Extension Univ. v. F.T.C.*, 627 F.2d 481, 484 (D.C. Cir. 1980). The first goal–"to encourage [FOIA] suits that benefit the public interest"–is not served by this lawsuit. *See id.* Given plaintiff's "sufficient private interest in the requested information," he "d[id] not need the additional incentive of recovering [his] fees and costs" to bring his FOIA suit. *See id.*

The second goal of the FOIA fee-shifting provision is to provide compensation to a successful litigant "for enduring an agency's unreasonable obduracy in refusing to comply with [FOIA's] requirements." *Id.* Congress did not intend a FOIA litigant who had a private interest to bring the FOIA suit or received a pecuniary benefit from the lawsuit to collect fees "unless the government officials have been recalcitrant in their opposition to a valid claim or have been otherwise engaged in obdurate behavior." *Id.* (quoting S. Rep. No.854, 93d Cong., 2d Sess. 19 (1974)). Because the government's obduracy unnecessarily prolonged this litigation, the second goal of

the FOIA fee-shifting provision would plainly be served by an award of fees.

In sum, even though the first three factors do not favor an award of fees, the Court finds that plaintiff is entitled to recover a portion of his attorney's fees, given the government's obdurate behavior that unnecessarily prolonged this litigation.

## III. THE REASONABLENESS OF PLAINTIFF'S FEE REQUEST

■ Having found plaintiff eligible for and entitled to fees, the Court must now evaluate the reasonableness of plaintiff's requested fees and costs. Plaintiff "has the burden of establishing the reasonableness of [his] fee request, and supporting documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (alteration, citations, and quotation marks omitted).[3] Here, plaintiff submitted detailed billing records showing dates, times, and the nature of the activities performed, and according to the declarations of plaintiff's counsel, those records accurately reflect the work performed. (*See* Ex. A–C, Pl.'s Mot.)

■ "The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). Once a court determines the proper lodestar amount, it has discretion to adjust that amount for "nonproductive time or for time expended on issues on which plaintiff ultimately did not prevail." *Weisberg v.*

*U.S. Dep't of Justice*, 745 F.2d 1476, 1499 (D.C. Cir. 1984) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). However, fees should not be excluded for such work unless they are "truly fractionable" from the claims on which the litigant prevailed. *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1338 n.13 (quoting *Copeland v. Marshall*, 641 F.2d 880, 892 n.18 (D.C. Cir. 1980) (en banc)). "The burden of justifying any deviation from the 'lodestar' rests on the party proposing the deviation." *Copeland*, 641 F.2d at 892. "When the Government seeks to rebut a rate or calculation or hours billed, it must provide just as plaintiff must provide specific evidence in his application for attorney's fees—'equally specific countervailing evidence.'" *Piper v. U.S. Dep't of Justice*, 339 F.Supp.2d 13, 24 (D.D.C. 2004) (quoting *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1326)).

■ Courts must also "consider whether the success obtained on the remaining claims is proportional to the efforts expended by counsel." *George Hyman Const. Co. v. Brooks*, 963 F.2d 1532, 1535 (D.C. Cir. 1992). If it is not, the "hours reasonably expended on the litigation as a whole … may be an excessive amount." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Accordingly, courts in this Circuit routinely reduce compensable fees by a uniform percentage to reflect the litigants' actual success. *See, e.g., Elec. Privacy Info. Ctr. v. D.H.S.*, 982 F.Supp.2d 56, 63 (D.D.C. 2013); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 878 F.Supp.2d 225, 239 (D.D.C. 2012).

Based on his billing records, plaintiff submits that the lodestar in this case is $154,885.00. (Pl.'s Mot. at 14.) Plaintiff con-

---

**3.** Although the *Brownlee* opinion dealt with a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412, such "decisions are nonetheless instructive in construing the ap-

plicable 'reasonable' standard that applies to fee awards under FOIA." *Judicial Watch,* 470 F.3d at 374.

cedes that, because of the government's proper withholding of certain documents, the lodestar should be reduced and proposes a recovery of 35% of the fees incurred through the November 2015 hearing and 90% of the fees incurred after that hearing, plus costs. (*Id.*) Plaintiff therefore requests $75,654.23 in attorney's fees and $1,901.23 in costs, for a total award of $77,555.46. (*Id.*)

■ The government does not challenge plaintiff's lodestar methodology, nor does it challenge the sufficiency of the billing records. Rather, the government argues that reductions should be made for unproductive or unsuccessful work. According to the government, based on plaintiff's limited success, (1) plaintiff should not recover any fees incurred before June 30, 2014; (2) plaintiff should recover no more than 20% of the lodestar for work performed between June 30, 2014, and February 17, 2016; and (3) plaintiff should not recover any fees incurred after February 17, 2016. The government therefore proposes a maximum recovery of fees in the amount of $28,272.62. (Def.'s Opp'n at 12.)[4] The Court will now address each of these proposed reductions.

## A. Work Performed Before June 30, 2014

The government first argues that plaintiff should not recover any fees for legal work performed prior to June 30, 2014. (*Id.*) This time period covers all legal work from the filing of plaintiff's complaint through the government's discovery of responsive documents while plaintiff's appeal was pending before the D.C. Circuit. The government reasons that, because this Court found that the government's initial search for the documents was reasonable and therefore granted the government's

motion for summary judgment, plaintiff is not entitled to any fees until he began litigating the release of the file. (*Id.* at 12–13). The Court agrees.

Prior to discovering the disciplinary file, the government did not act obdurately or otherwise unnecessarily prolong the litigation. To the contrary, as found by the Court in its January 23, 2014 Memorandum Opinion, in addition to conducting an adequate search of the files of the USAO-EDNY and EOUSA, the government "expanded its search for responsive documents ... even though it was under no legal obligation to do so" by forwarding plaintiff's FOIA requests to the National Personnel Records Center, which stores the official personnel folders of former government employees. (*Id.* at 8.) Indeed, the fact that the search did not uncover the requested documents does not mean it was inadequate, and this Court found that plaintiff's claims to the contrary were unavailing. (*Id.* at 9.) On this basis, the Court granted defendants' motion for summary judgment. (*Id.* at 10.) Consequently, plaintiff did not prevail in this first phase of litigation.

Further, the legal work performed in opposing the government's motion for summary judgment can be reasonably separated from plaintiff's successful legal work. The responsive documents were ultimately located by another federal agency in connection with a separate FOIA request, and plaintiff was promptly notified. (Tr. of Status. Conf., March 4, 2015, ECF No. 45, at 7:4–11.) It was not until the records were located that plaintiff could begin seeking disclosure of the individual documents that the Court ultimately ordered the government to release. Thus, the Court finds that plaintiff should not recov-

---

4. The government does not appear to argue for any reductions in costs. On the basis of plaintiff's counsel's representation that those costs were reasonably incurred in the litigation, the Court will award the requested costs.

er for any of the legal work performed prior to June 30, 2014.

## B. Work Performed Between June 30, 2014, and February 17, 2016

Next, the government argues that plaintiff should recover no more than 20% of the legal fees incurred between June 30, 2014, and February 17, 2016. (Def.'s Opp'n at 13.) Plaintiff argues that he should recover 35% of the fees incurred between June 30, 2014, and November 4, 2015 ($39,-025.00) and 90% of the fees incurred between November 5, 2015, and February 17, 2016 ($26,001.00). (*See* Pl.'s Mot. at 14.)[5] As explained below, the Court finds that plaintiff is entitled to recover only 30% of his legal fees incurred during the period from June 30, 2014, to February 17, 2016.[6]

In June 2014, the government notified plaintiff that it had located the disciplinary file. As a result, the D.C. Circuit dismissed plaintiff's appeal, and the matter was remanded to this Court for further proceedings. Thereafter, the Court ordered the government to produce over 2,000 unredacted pages and over 1,000 partially redacted pages of the disciplinary file. In particular, following the November 4, 2015 hearing, the Court ordered the government to "disclose to plaintiff . . . any public documents contained in the exhibits to the disciplinary file, with the exception of any

Speedy Trial Act waivers." (Minute Order, Nov. 4, 2015). On the basis of that Order, the government produced 724 unredacted pages of documents. (*See* Pl.'s Mot. at 9.) On January 5, 2016, the Court rejected the government's *Morgan* claims for withholding court documents that had been filed under seal and ordered the government to "produce all withheld court records to plaintiff." (Order, Jan. 5, 2016.) The government subsequently released 84 previously sealed court documents and 1,114 additional pages of unredacted public documents. (*See* Pl.'s Mot. at 9.) Finally, on February 17, 2016, the Court ordered the government to produce a new *Vaughn* index and to "conduct a diligent segregability review and disclose . . . whatever portion of the requested documents can be reasonably segregated from the withheld material." (Order, Feb. 17, 2016.) In response, the government produced 1,013 partially redacted pages and 197 unredacted pages of documents that had previously been withheld. (*See* Pl.'s Mot. at 9.)

While these released released did not serve the public interest, the government's obduracy during this time period protracted the litigation and resulted in plaintiff's attorneys billing over 500 hours during this time period. (*See* Ex. D, Pl.'s Mot.) The government acknowledges that it should have released the public documents

---

5. Plaintiff's request is equivalent to approximately 46% of the fees incurred between June 30, 2014, and February 17, 2016: plaintiff's fees in that time period total $140,390.00, and he requests an award of $65,026.00 of those fees. (*See* Ex. D, Pl's Mot.)

6. Beyond "conced[ing] that a reduction in the lodestar is appropriate in light of the fact that the Government prevailed on the documents that were submitted *in camera* and in light of [plaintiff's] high private interest in the documents at issue," plaintiff does not explain why he believes 35% is an appropriate recovery before the November 4, 2015 hearing or why he believes 90% is an appropriate recovery

thereafter. (*See* Pl.'s Mot. at 14.) Notwithstanding plaintiff's assertion that he deserves to recover a higher percentage of fees after the November 2015 hearing, the Court cannot find a credible reason in the record for this distinction, and therefore it finds that plaintiff is entitled to recover a uniform percentage of the fees for the entire time period of June 30, 2014, to February 17, 2016. Although the Court ordered the government to produce documents only after the November 4, 2015 hearing, plaintiff's legal work that resulted in the release of documents and the government's obdurate behavior that prolonged the litigation occurred both before and after the November 4, 2015 hearing.

and performed the segregability review that the Court ultimately had to order. (Def.'s Opp'n at 10.) The government further acknowledges, in what can only be charitably viewed as an understatement, that its "delay in producing documents may have prolonged the litigation." (*Id.*)

Indeed, the government refused to produce any documents after the disciplinary file was located, and its first attempt at a *Vaughn* index was "useless, deficient," and "[a] complete waste of … time." (Tr. of Nov. 4, 2016 Hearing, ECF No. 81, at 7.) After the Court ordered that certain documents be sent to the Judge presiding over plaintiff's California state criminal proceedings, the government unsuccessfully (and unnecessarily) sought clarification of that Order, based on its purported confusion about whether this Court would "retain full control over the documents." (Def.'s Mot. to Clarify, Nov. 30, 2015, ECF No. 84.) Moreover, even after the Court ordered the government to produce to plaintiff the public documents contained within the disciplinary file, the government continued to withhold court documents that had been filed under seal some twenty years earlier. The Court later rejected the government's baseless *Morgan* claims. (Order, Jan. 5, 2016, at 2.) Had the government simply turned over the public documents, performed the segregability review, and created a legally sufficient *Vaughn* index, this lawsuit could have been resolved with far fewer than the over 500 hours plaintiff's attorneys spent during this time period.

However, plaintiff's success here was not "proportional to the efforts expended by counsel," and the award plaintiff has requested is therefore "excessive." *See George Hyman Const.*, 963 F.2d at 1535. Plaintiff concedes that he did not prevail on the release of the 35–page disciplinary letter or on the documents that the government continued to withhold at the end of the litigation. Further, as the government points out, the bulk of plaintiff's legal work was spent on issues on which plaintiff did not prevail. For instance, plaintiff devoted approximately one page of his 22–page motion for summary judgment to his argument that the public documents from the disciplinary file should be released. (*See* Pl.'s Mot. for Summ. J., May 26, 2015, ECF No. 57, at 22–23.) The Court agreed that the government should release those public documents. (Order, Nov. 16, 2015.) It, however, was not persuaded by the reasoning of the other 21 pages of plaintiff's arguments in his first motion for summary judgment.

Plaintiff also spent time raising unproductive and unnecessary issues during this time period. For instance, even after the Court had announced its ruling as to the 35–page disciplinary letter in two separate hearings, plaintiff suggested that the ruling was merely "tentative," requiring this Court to issue a Memorandum Opinion to "dispel any further doubt." (Mem. Op., Feb. 5, 2016, at 3.) Plaintiff also moved for a new *Vaughn* index, even though the Court proposed–and the parties agreed– that plaintiff would forego the index in exchange for the disclosure of previously withheld public documents and the transmission of certain documents to Judge Rappe in California. (*See* Order, Feb. 17, 2017.)[7] However, that unproductive legal work would be nearly impossible to excise from plaintiff's billing records, as they were lumped together with plaintiff's successful motion for a segregability review. (*See* Pl.'s Mot. for *Vaughn* Index & Segregability Review, Jan. 25, 2016, ECF No. 105.) On the basis of plaintiff's limited success, the Court finds that a reduction of 33% is appropriate.

---

**7.** The government, however, did not oppose production of the *Vaughn* index, so the Court ultimately granted the motion. (Order, Feb. 17, 2016.)

A further wholesale reduction in the fee award is justified by the duplication of attorney efforts in this matter. It was unnecessary for plaintiff to have three attorneys working simultaneously on his case, especially where all three attorneys attended hearings and consulted on each court filing. Given that the legal issues were not particularly complex, one attorney well versed in FOIA litigation could have adequately represented plaintiff in this matter. Using the November 4, 2015 hearing as an example, the duplicative billing is clear: Torrence Lewis billed nearly 20 hours to prepare for the hearing and 12 hours to travel to and attend the hearing. (*See* Ex. D., Pl.'s Mot.) Howard Anderson billed over 10 hours for the same, even though he did not speak on the record at the hearing. (*See id.*; Tr. of Nov. 4, 2015 Hearing.) Scott Hodes billed two hours for attending the hearing but, like Mr. Anderson, did not actively participate in the proceedings in any way. Accordingly, an additional 33% reduction is appropriate to account for the duplication of attorney efforts.

Plaintiff's attorneys' improper billing techniques also justify a lower recovery. Both Howard Anderson and Torrence Lewis submitted bills for travel time at 100% of their normal hourly rate, and Torrence Lewis engaged in block billing. (*See, e.g.*, Ex. D, Pl.'s Mot., (billing 12 hours on Nov. 4, 2015, for "DC motions hearing; preparation and appearance (travel); consultation with co-counsel and client regarding same").) "[I]n this Circuit, travel time is compensated at half of the attorney's rate," and it was therefore improper to bill travel time at 100% of the attorney's rate. *McAllister v. Dist. of Columbia*, 21 F.Supp.3d 94, 106 (D.D.C. 2014). However, many of the travel entries are block billed, making specific reductions more difficult. Block billing involves lumping multiple tasks into a single time entry, which can

"mak[e] it impossible to evaluate their reasonableness." *See Brownlee*, 353 F.3d at 971. While block billing is not "prohibit[ed]," courts often reduce fee awards as a result of it. *See id.*; *Bennett v. Castro*, 74 F.Supp.3d 382, 406 (D.D.C. 2014); *In re InPhonic, Inc.*, 674 F.Supp.2d 273, 289 (D.D.C. 2009); *Summers v. Howard Univ.*, 2006 WL 751316, at *7 (D.D.C. Mar. 20, 2006). Even if tasks are adequately described, there is simply no way for the Court to assess whether the time spent on each of those tasks was reasonable or to make reductions to certain activities, like travel, when the tasks are lumped together. *See Brownlee*, 353 F.3d at 970 (the court must "determine with a high degree of certainty that such hours were actually and reasonably expended" (quoting *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir. 1989))). Thus, given the difficulty of disambiguating the block billed entries either to reduce travel-time recovery or to evaluate the reasonableness of the entries themselves, the Court will reduce plaintiff's recovery by an additional 4%.

In sum, while the government's proposal of awarding 20% of plaintiff's fees during this time period would understate the degree of plaintiff's success and would almost amount to a free pass for the government's obdurate behavior, plaintiff's proposed award significantly overstates his success, especially given the fact that the documents that were properly withheld were of far greater importance than the thousands of pages that were produced. For the aforementioned reasons, after reducing the award by 70% (33% for limited success, 33% for duplicative efforts, and 4% for improper billing techniques), the Court will award 30% of plaintiff's attorney's fees incurred between June 30, 2014, and February 17, 2016. *See Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.")

## C. Work Performed After February 17, 2016

Finally, the government argues that plaintiff should not recover any fees for legal work performed after February 17, 2016. (Def.'s Opp'n at 13.) During this time period, the parties filed final cross-motions for summary judgment, and plaintiff filed an unsuccessful Motion to Alter Judgment. Plaintiff did not prevail on any issue after the Court ordered the government to disclose any segregable portions of the documents at issue on February 17, 2016. (*See id.*) Nor does plaintiff identify any issues on which he substantially prevailed after February 17, 2016. (*See* Pl.'s Mot. at 9). With the exception of work performed preparing plaintiff's fee petition, the Court therefore agrees with the government that plaintiff is not entitled to fees for legal work performed after this date.

The government prevailed on the parties' final cross-motions for summary judgment, as the Court found that it had properly withheld the remaining documents. (Mem. Op., July 19, 2016, at 7.) Further, plaintiff did not prevail on his Motion to Alter Judgment, which argued that the Court's July 19, 2016 Order dismissing the case failed to satisfy Rule 58(a)'s "separate document" requirement. (Order, Aug. 12, 2016.) The legal work on the final summary judgment motion and plaintiff's Motion to Alter Judgment can be reasonably separated from the legal work on which he prevailed. Accordingly, the Court will not award fees for legal work performed after February 17, 2016, except for time spent preparing the present Motion for Attorney's Fees.

## D. Fees on Fees

■ The government's arguments for fee reductions do not address plaintiff's entitlement to "fees on fees"—the time spent preparing the fee petition—even though that legal work occurred after February 17, 2016. (*See* Pl.'s Reply at 5–6.) Plaintiff requests an award of $4,050.00, 90% of the fees incurred as a result of the 17.5 hours spent preparing his Motion for Attorney's Fees and Reply Brief. (*See* Ex. D, Pl.'s Mot.; Pl.'s Reply at 6 n.2.) As with plaintiff's period of successful legal work, the Court will award 30% of plaintiff's "fees on fees." *See EPIC*, 982 F.Supp.2d at 61 (reducing the award of "fees on fees" work to the same extent the award for merits work was reduced.)

The Court notes that the hours expended on the fee petition are overstated by the duplication of efforts that justified a uniform reduction of plaintiff's other fees. Torrence Lewis billed 6.5 hours at $350 per hour ($2,275 total) for producing a time table. (*See* Ex. D, Pl.'s Mot.) This was more than twice the amount of time that Howard Anderson billed for drafting the memorandum in support of the motion itself, and more than four times the amount of time that Scott Hodes spent compiling his time table. Mr. Lewis employed paralegals who would have been more than capable of compiling the time tables of hours at a significantly lower hourly rate.

## CONCLUSION

Accordingly, plaintiff's motion for attorney's fees and costs will be **GRANTED IN PART AND DENIED IN PART**. Plaintiff will be awarded $43,617.00 in fees and $1,901.23 in costs, for a total recovery of $45,518.23. A separate Order accompanies this Memorandum Opinion.

Attachment

| Date | Name | Description | Hours | Rate | Total Fee | % Award | $ Award |
|---|---|---|---|---|---|---|---|
| 7/18/2012 | CCA | Digitize and email recent FOIA acknowledgment | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/2/2012 | CCA | Review, digitize FOIA letter | 0.1 | $75 | $7.50 | 0 | 0 |
| 3/12/2013 | CCA | Research re and email, to FOIA atty Hoden. | 0.5 | $75 | $37.50 | 0 | 0 |
| 3/13/2013 | CCA | Tc FOIA atty | 0.2 | $75 | $15.00 | 0 | 0 |
| 3/15/2013 | CCA | Check DC docket | 0.1 | $75 | $7.50 | 0 | 0 |
| 3/20/2013 | SAH | Entry of Appearance | 0.5 | $300 | $150.00 | 0 | 0 |
| 3/21/2013 | CCA | Research Washington DC docket | 0.2 | $75 | $15.00 | 0 | 0 |
| 3/21/2013 | SAH | Initial Consultation w/AUSA on case | 0.5 | $300 | $150.00 | 0 | 0 |
| 4/9/2013 | SAH | Letter to AUSA – re: scope of search | 0.5 | $300 | $150.00 | 0 | 0 |
| 7/26/2013 | CCA | Check DC docket | 0.1 | $75 | $7.50 | 0 | 0 |
| 8/5/2013 | CCA | Check DC docket | 0.1 | $75 | $7.50 | 0 | 0 |
| 8/21/2013 | CCA | Email Scott Hodes re draft FOIA letters | 0.1 | $75 | $7.50 | 0 | 0 |
| 8/22/2013 | CCA | Emails RW, SH re FOIAs | 0.2 | $75 | $15.00 | 0 | 0 |
| 8/26/2013 | SAH | Draft opposed Motion for enlargement of time | 1 | $300 | $300.00 | 0 | 0 |
| 9/11/2013 | CCA | Review emails S Hodes re Govt Motion for Summary Judgment | 0.2 | $75 | $15.00 | 0 | 0 |
| 9/11/2013 | SAH | Draft/edit Opposition to Motion for Summary Judgment | 1 | $300 | $300.00 | 0 | 0 |
| 9/16/2013 | SAH | Draft/edit Opposition to Motion for Summary Judgment | 1 | $300 | $300.00 | 0 | 0 |
| 9/17/2013 | SAH | Draft/edit Opposition to Motion for Summary Judgment | 1 | $300 | $300.00 | 0 | 0 |
| 9/18/2013 | SAH | Draft/edit Opposition to Motion for Summary Judgment | 1 | $300 | $300.00 | 0 | 0 |
| 9/24/2013 | SAH | Draft/edit Opposition to Motion for Summary Judgment | 1.5 | $300 | $450.00 | 0 | 0 |
| 9/25/2013 | SAH | Draft/edit Opposition to Motion for Summary Judgment | 1 | $300 | $300.00 | 0 | 0 |
| 9/26/2013 | SAH | Consultation with client regarding Defendant's Motion for Summary | 0.5 | $300 | $150.00 | 0 | 0 |
| 9/30/2013 | SAH | Draft/edit opposition for summary judgment | 0.5 | $300 | $150.00 | 0 | 0 |
| 10/1/2013 | CCA | Review Hodes emails re FOIAs | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/3/2013 | CCA | Draft emails JE re DC case decls; | 0.3 | $75 | $22.50 | 0 | 0 |
| 10/3/2013 | CCA | Scan and email HB certificate of ID to Hodes. | 0.2 | $75 | $15.00 | 0 | 0 |
| 10/3/2013 | CCA | Monitor DC case documents. | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/3/2013 | CCA | Draft, review HB/JE decls re DC case. | 2.2 | $75 | $165.00 | 0 | 0 |
| 10/3/2013 | CCA | Draft memo to S Hodes re HB thoughts re DC case motion. | 1.9 | $75 | $142.50 | 0 | 0 |
| 10/3/2013 | CCA | Email S Hodes re HB thoughts re draft motion. | 0.4 | $75 | $30.00 | 0 | 0 |
| 10/4/2013 | CCA | Emails S Hodes re HB, Islip references in recent govt doc. | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/4/2013 | CCA | Email JE re DC decl. | 0.3 | $75 | $22.50 | 0 | 0 |
| 10/7/2013 | CCA | Tcs S Hodes re DC case | 0.1 | $75 | $7.50 | 0 | 0 |

182

| Date | | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 10/7/2013 | CCA | Edit HB, JE decls; prepare supporting documentation. | 1 4 | $75 | $105.00 | 0 | 0 |
| 10/7/2013 | CCA | Draft emails S Hodes re HB concerns, decls. | 1 | $75 | $75.00 | 0 | 0 |
| 10/7/2013 | CCA | Emails JB re decls. | 0.2 | $75 | $15.00 | 0 | 0 |
| 10/7/2013 | SAH | Draft/edit opposition for summary judgment | 3 | $300 | $900.00 | 0 | 0 |
| 10/8/2013 | CCA | Edit HB decl. | 0.3 | $75 | $22.50 | 0 | 0 |
| 10/8/2013 | CCA | Drive to Twin Towers jail facility to conf HB, R/T. | 1.5 | $75 | $112.50 | 0 | 0 |
| 10/8/2013 | CCA | Conf HB, have HB sign decl for DC case. | 2.1 | $75 | $157.50 | 0 | 0 |
| 10/8/2013 | CCA | Scan HB decl for transmission to S Hodes for filing; prepare decl exbs. | 0.6 | $75 | $45.00 | 0 | 0 |
| 10/8/2013 | CCA | Emails S Hodes re re HB, DC case. | 0.3 | $75 | $22.50 | 0 | 0 |
| 10/9/2013 | CCA | To HB. | 0.3 | $75 | $22.50 | 0 | 0 |
| 10/9/2013 | CCA | Acquire and format JE decl for DC case. | 0.3 | $75 | $22.50 | 0 | 0 |
| 10/9/2013 | CCA | Review DC filing, decls. | 0.2 | $75 | $15.00 | 0 | 0 |
| 10/9/2013 | SAH | Draft/edit opposition for summary judgment | 2 | $300 | $600.00 | 0 | 0 |
| 10/10/2013 | CCA | Email S Hodes re HB msgs | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/15/2013 | CCA | Check DC docket. | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/17/2013 | CCA | Organize DC case file materials | 0.1 | $75 | $7.50 | 0 | 0 |
| 10/31/2013 | CCA | Review Hodes FOIA response letter re NARA. | 0.1 | $75 | $7.50 | 0 | 0 |
| 3/17/2014 | CCA | Emails SB, Hodes re developments. | 0.2 | $75 | $15.00 | 0 | 0 |
| 3/18/2014 | CCA | Emails Hodes re HB reqs. | 0.2 | $75 | $15.00 | 0 | 0 |
| 3/19/2014 | CCA | Emails S Hodes re DC appeal, FOIA re BW visiting logs. | 0.2 | $75 | $15.00 | 0 | 0 |
| 3/19/2014 | CCA | Draft HB DC Notice of Appeal. | 0.2 | $75 | $15.00 | 0 | 0 |
| 3/20/2014 | CCA | Drive to Fedex to file HB DC NOA. | 0.5 | $75 | $37.50 | 0 | 0 |
| 3/26/2014 | CCA | Check HB DC court docket | 0.1 | $75 | $7.50 | 0 | 0 |
| 4/12/2014 | CCA | Email S Hodes re trial status | 0.1 | $75 | $7.50 | 0 | 0 |
| 4/12/2014 | CCA | Assemble and email L Millard re HB DC notice of appeal. | 0.3 | $75 | $22.50 | 0 | 0 |
| 4/23/2014 | CCA | Check HB DC COA docket. | 0.2 | $75 | $15.00 | 0 | 0 |
| 5/8/2014 | CCA | Check HB DC COA docket. | 0.1 | $75 | $7.50 | 0 | 0 |
| 5/19/2014 | CCA | Email S Hodes re EOUSA appeal. | 0.1 | $75 | $7.50 | 0 | 0 |
| 5/28/2014 | CCA | Emails S Hodes re EOUSA appeal. | 0.1 | $75 | $7.50 | 0 | 0 |
| 6/24/2014 | CCA | I cs JE office re HB DC appeal | 0.3 | $75 | $22.50 | 0 | 0 |
| 6/24/2014 | CCA | Assemble exhibits, email JE office re HB DC appeal. | 0.4 | $75 | $30.00 | 0 | 0 |
| 6/30/2014 | SAII | Phone call w/defendants' representatives and client regarding civil finding of responsive records | 0 5 | $300 | $150.00 | 0 3 | 45 |
| 8/4/2014 | CCA | Organize DC case files (to prepare to transmit to TL). | 0 7 | $75 | $52.50 | 0.3 | 15.75 |

| Date | Initials | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 8/6/2014 | TEL | Review/analyze FOIA Briefs/Filings and associated case authorities in DC federal court case for possible procedural or other filing steps | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 8/7/2014 | TEL | Review/analyze FOIA Briefs/Filings and associated case authorities in DC federal court case for possible procedural or other filing steps | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 8/8/2014 | CCA | Research DC Circuit docket | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 10/1/2014 | TEL | Consultation with client and FOIA counsel regarding denial of request for Granger termination documents and administrative appeal; review FOIA letter regarding same | 1.2 | $350 | $420.00 | 0.3 | 126 |
| 10/31/14 | HWA | Teleconference with T. Lewis re: DDC case; research same | 1 | $200 | $200.00 | 0.3 | 60 |
| 11/14/2014 | CCA | Emails re and review DC order. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 11/24/14 | HWA | Teleconference with T. Lewis re: D C. Circuit mandate, prepare motion to issue mandate | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 11/24/2014 | TEL | Edit and transmit motion for issuance of mandate instater in DC Circuit FOIA case; consultation with FOIA counsel | 0.4 | $350 | $140.00 | 0.3 | 42 |
| 12/1/2014 | TEL | Consultation with client and FOIA counsel regarding litigation in DC DCT | 0.8 | $350 | $280.00 | 0.3 | 84 |
| 12/3/2014 | SAH | Motion to expedite matter in appeals court | 0.5 | $300 | $150.00 | 0.3 | 45 |
| 12/8/2014 | TEL | Consultation with client and FOIA counsel regarding litigation in DC DCT | 0.4 | $350 | $140.00 | 0.3 | 42 |
| 12/10/2014 | TEL | Consultation with FOIA counsel regarding FOIA litigation; draft/revise pro hac vice filings for DC DCT | 0.9 | $350 | $315.00 | 0.3 | 94.5 |
| 12/12/2014 | TEL | Consultation with FOIA counsel regarding FOIA litigation; draft/revise pro hac vice filings for DC DCT | 0.8 | $350 | $280.00 | 0.3 | 84 |
| 12/15/14 | HWA | Prepare draft letter to DOJ re voluntary production of documents | 0.4 | $200 | $80.00 | 0.3 | 24 |
| 12/15/2014 | SAH | Filed Pro Hac Vice motions | 1 | $300 | $300.00 | 0.3 | 90 |
| 12/23/14 | HWA | Teleconference with S. Hodes and T. Lewis re: strategy, follow-up teleconference with T. Lewis re same; prepare draft letter to AUSA re next steps in DC FOIA case | 2.25 | $200 | $450.00 | 0.3 | 135 |
| 12/23/2014 | SAH | Draft letter to AUSA regarding settlement | 0.5 | $300 | $150.00 | 0.3 | 45 |
| 12/23/2014 | TEL | Consultation with co-counsel regarding discovery, FOIA and Touhy litigation in DC OCT, draft/revise letter to government | 0.8 | $350 | $280.00 | 0.3 | 84 |
| 12/24/2014 | SAH | Draft letter to AUSA regarding settlement | 0.5 | $300 | $150.00 | 0.3 | 45 |
| 12/24/2014 | TEL | Consultation with co-counsel regarding discovery, FOIA and Touhy litigation in DC DCT, draft/revise letter to government | 0.5 | $350 | $175.00 | 0.3 | 52.5 |
| 12/31/2014 | SAH | Teleconference with AUSA regarding settlement and narrowing of litigation | 1 | $300 | $300.00 | 0.3 | 90 |
| 12/31/2014 | TEL | Consultation with co-counsel and Special AUSA regarding discovery, FOIA and Touhy litigation in district court; draft/revise possible search terms for | 1.5 | $350 | $525.00 | 0.3 | 157.5 |

| Date | | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 1/2/2015 | TEL | Consultation with client and counsel regarding discovery conference with DOJ in DC DCT litigation | 0.6 | $350 | $210.00 | 0.3 | 63 |
| 1/6/2015 | CCA | Emails TL, re MPSB, FOIA. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 1/9/2015 | TEL | Consultation w/counsel regarding same and FOIA response from DOJ; consultation on next steps regarding DC litigation | 1.1 | $350 | $385.00 | 0.3 | 115.5 |
| 1/10/2015 | TEL | Draft/revise letter to AUSA handling DC FOIA case for disclosure of requested Granger file | 0.3 | $350 | $105.00 | 0.3 | 31.5 |
| 1/15/2015 | TEL | Consultation with client and co-counsel regarding FOIA litigation possibilities; draft letter to AUSA in DC DCT case regarding final proposal to narrow universe of documents | 1.1 | $350 | $385.00 | 0.3 | 115.5 |
| 1/16/2015 | TEL | Consultation with AUSA(s) regarding FOIA litigation and digitization of | 1.5 | $350 | $525.00 | 0.3 | 157.5 |
| 1/20/2015 | CCA | Review memo re framework of DC litigation. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 1/28/2015 | TEL | Consultation with co-counsel and AUSA regarding joint status report; draft/edit same | 1.4 | $350 | $490.00 | 0.3 | 147 |
| 1/29/2015 | TEL | Consultation with AUSA regarding joint status report; draft/edit same | 0.3 | $350 | $105.00 | 0.3 | 31.5 |
| 2/2/2015 | TEL | Consultation with AUSA regarding litigation / termination file | 0.2 | $350 | $70.00 | 0.3 | 21 |
| 2/7/2015 | CCA | Draft detailed email TL re Granger timetable, Corrigan. | 0.7 | $75 | $52.50 | 0.3 | 15.75 |
| 2/18/2015 | SAH | Draft/edit status report | 0.5 | $300 | $150.00 | 0.3 | 45 |
| 2/18/2015 | TEL | Consultation with AUSA, client and other attorneys regarding status report, disclosure of Granger file, etc. in DC DCT; draft status report | 3.5 | $350 | $1225.00 | 0.3 | 367.5 |
| 2/19/2015 | CCA | Review draft JSR in DC, emails TL. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 2/20/2015 | CCA | Numerous emails TL, re DC case. | 0.7 | $75 | $52.50 | 0.3 | 15.75 |
| 2/24/2015 | CCA | Emails TL re 103/DC hearings. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 2/24/2015 | CCA | Research DC docket | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 2/25/2015 | CCA | Emails TL, re DC case. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 3/1/15 | HWA | Research FOIA Exemption 6, prepare proposed agenda for meeting with E. Young | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 3/2/2015 | TEL | Research, review/analyze FOIA authorities for DC DCT Conference; | 1.5 | $350 | $525.00 | 0.3 | 157.5 |
| 3/3/2015 | TEL | Preparation for DC DCT hearing; review/analyze FOIA case law; review/analyze FOIA requests; consultation with client and AUSA regarding | 4 | $350 | $1400.00 | 0.3 | 420 |
| 3/4/2015 | CCA | Tc TL re DC hrg. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 3/4/2015 | CCA | Research re DC hrg tx, email reporter | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 3/4/15 | HWA | Travel from GSP to DCA | 2.5 | $200 | $500.00 | 0.3 | 150 |
| 3/4/2015 | SAH | Attend status conference | 2 | $300 | $600.00 | 0.3 | 180 |
| 3/4/2015 | TEL | Preparation for DC DCT hearing; review/analyze FOIA case law, review/analyze FOIA requests; consultation with client and AUSA regarding same; attend and argue at hearing in DC DCT | 8 | $350 | $2800.00 | 0.3 | 840 |

| Date | | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 3/5/15 | HWA | Travel from DCA to GSP, meet with T. Lewis re: strategy, attend court | 6 | $200 | $1200.00 | 0.3 | 360 |
| 3/6/15 | HWA | Teleconference with T. Lewis re: strategy | 0.1 | $200 | $20.00 | 0.3 | 6 |
| 3/7/2015 | TEL | Review/analyze legal authority on FOIA standards in preparation for litigation in DC DCT; review law on applicability of Brady | 3 | $350 | $1050.00 | 0.3 | 315 |
| 3/9/2015 | TEL | Consultation with client, co-counsel and AUSA regarding Vaughn index and disclosure of public and reasonably segregable records; research and draft letter regarding same | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 3/10/15 | HWA | Prepare draft letter to Young re Vaughn index; review T. Lewis edits to same; numerous emails to T. Lewis re: strategy | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 3/12/2015 | TEL | Review/analyze DC DCT transcript, consultation with co-counsel and client regarding same | 1.3 | $350 | $455.00 | 0.3 | 136.5 |
| 3/13/15 | HWA | Study transcript and make notes re: same for use in connection with upcoming MSJ briefing | 1 | $200 | $200.00 | 0.3 | 60 |
| 3/13/2015 | SAH | Prepare analysis of FOIA issues discussed at conference | 2 | $300 | $600.00 | 0.3 | 180 |
| 3/13/2015 | TEL | Review/analyze DC DCT transcript in preparation for MSJ briefing; consultation with co-counsel and client regarding same | 2 | $350 | $700.00 | 0.3 | 210 |
| 3/16/2015 | TEL | Research, review/analyze FOIA case law for briefing in DC DCT; review/analyze government's Vaughn Index and associated filings; consultation with client regarding same | 3.1 | $350 | $1085.00 | 0.3 | 325.5 |
| 3/17/15 | HWA | Study Vaughn index and affidavit; particpte in team conference call re: strategy; compose email re: same | 1.1 | $200 | $220.00 | 0.3 | 66 |
| 3/17/2015 | SAH | Prepare memo on FOIA issues for Motion for Summary Judgment | 1 | $300 | $300.00 | 0.3 | 90 |
| 3/17/2015 | TEL | Research, review/analyze FOIA case law for briefing in DC DCT; review/analyze government's Vaughn Index and associated filings; consultation wtih co-counsel and client regarding same | 3 | $350 | $1050.00 | 0.3 | 315 |
| 3/19/2015 | CCA | Research re and email TL re Corrigan letters. | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 3/19/2015 | TEL | Research, review/analyze FOIA case law for briefing in DC DCT | 2 | $350 | $700.00 | 0.3 | 210 |
| 3/20/2015 | CCA | Research Granger cases, download. | 3.2 | $75 | $240.00 | 0.3 | 72 |
| 3/20/2015 | CCA | Emails TL re Corrigan. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 3/20/2015 | TEL | Research, review/analyze FOIA case law for briefing in DC DCT | 1 | $350 | $350.00 | 0.3 | 105 |
| 3/23/2015 | CCA | Research, download, review selected Granger dockets. | 3.5 | $75 | $262.50 | 0.3 | 78.75 |
| 3/23/2015 | CCA | Emails TL re various, including Granger litigation history. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 3/24/2015 | CCA | Review Granger files for relevance | 1.3 | $75 | $97.50 | 0.3 | 29.25 |
| 3/24/15 | HWA | Participate in multiple teleconferences with T. Lewis re: strategy: revise motion re: briefing schedule | 0.8 | $200 | $160.00 | 0.3 | 48 |

| Date | | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 3/24/2015 | SAH | Prepare motion for consolidation | 1 | $300 | $300.00 | 0.3 | 90 |
| 3/25/2015 | SAH | Prepare motion for consolidation | 1 | $300 | $300.00 | 0.3 | 90 |
| 3/27/2015 | CCA | Review 3-6-15 103 hrg tx; scan process and email TL. | 1.2 | $75 | $90.00 | 0.3 | 27 |
| 3/27/2015 | CCA | Review Granger cases. | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 4/1/15 | HWA | Teleconference with T. Lewis; work on brief | 2.1 | $200 | $420.00 | 0.3 | 126 |
| 4/7/15 | HWA | Teleconference with T. Lewis re: briefing strategy | 0.2 | $200 | $40.00 | 0.3 | 12 |
| 4/9/2015 | CCA | Download additional Granger dockets; initial review against Vaughn Index language during process. | 2 | $75 | $150.00 | 0.3 | 45 |
| 4/12/15 | HWA | Research FOIA ; continue working on MSJ brief, email T. Lewis re: same; review S. Hodes edits to brief | 5 | $200 | $1000.00 | 0.3 | 300 |
| 4/13/2015 | TEL | Review/analyze case law on FOIA – draft/edit arguments | 1 | $350 | $350.00 | 0.3 | 105 |
| 4/14/15 | HWA | Continue research of FOIA and work on FOIA section of draft brief, teleconference with T. Lewis | 4 | $200 | $800.00 | 0.3 | 240 |
| 4/14/2015 | TEL | Review/analyze case law on FOIA – draft/edit arguments | 1 | $350 | $350.00 | 0.3 | 105 |
| 4/15/15 | HWA | Research FOIA, proofread and revise draft brief | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 4/15/2015 | TEL | Review/analyze case law on FOIA – draft/edit arguments | 1 | $350 | $350.00 | 0.3 | 105 |
| 4/16/2015 | TEL | Review/analyze case law on FOIA – draft/edit arguments | 1.3 | $350 | $455.00 | 0.3 | 136.5 |
| 4/20/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 3.7 | $350 | $1295.00 | 0.3 | 388.5 |
| 4/21/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 4.5 | $350 | $1575.00 | 0.3 | 472.5 |
| 4/22/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 2.7 | $350 | $945.00 | 0.3 | 283.5 |
| 4/23/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 2 | $350 | $700.00 | 0.3 | 210 |
| 4/24/15 | HWA | Teleconference with T. Lewis; research FOIA and finish draft argument section of brief re same | 3 | $200 | $600.00 | 0.3 | 180 |
| 4/24/2015 | TEL | Draft/edit FOIA Argument Section | 3 | $350 | $1050.00 | 0.3 | 315 |
| 4/26/2015 | CCA | Research Granger files re Vaughn Index, list of attorneys to contact for TL. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 4/27/2015 | CCA | Research re and draft detailed memo TL re attorneys to call re Granger. | 2.5 | $75 | $187.50 | 0.3 | 56.25 |
| 4/27/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 2 | $350 | $700.00 | 0.3 | 210 |
| 4/28/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 6.3 | $350 | $2205.00 | 0.3 | 661.5 |
| 4/29/15 | HWA | Prepare draft protective order; study case memos; revise FOIA brief | 2.5 | $200 | $500.00 | 0.3 | 150 |
| 4/29/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs | 6 | $350 | $2100.00 | 0.3 | 630 |
| 4/30/15 | HWA | Teleconference with T. Lewis re: FOIA case ; revise FOIA brief and review multiple emails from T. Lewis | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 4/30/2015 | TEL | Draft/edit fact section for DC DCT consolidated briefs; consultation with Arnwine regarding same, review/analyze FOIA authorities; draft/edit FOIA argument | 7 | $350 | $2450.00 | 0.3 | 735 |
| 5/1/2015 | TEL | Review/analyze DOJ guidance documents on FOIA, draft/edit FOIA | 4.9 | $350 | $1715.00 | 0.3 | 514.5 |

| Date | Initials | Description | Hours | Rate | Amount | | Total |
|---|---|---|---|---|---|---|---|
| 5/4/2015 | CCA | Emails TL re Granger case and attorney list | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 5/4/2015 | CCA | Download and review draft fact section, exhibits, MSJ. | 2.6 | $75 | $195.00 | 0.3 | 58.5 |
| 5/4/2015 | TEL | Review/analyze DOJ guidance documents on FOIA; draft/edit FOIA | 2 | $350 | $700.00 | 0.3 | 210 |
| 5/5/2015 | CCA | Draft email TL re MSJ, exhs. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 5/5/2015 | TEL | Review/analyze FOIA case law; draft/edit FOIA arguments for DC brief | 3 | $350 | $1050.00 | 0.3 | 315 |
| 5/9/15 | HWA | Study draft statement of facts for MSJ brief | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 5/9/2015 | TEL | Review/analyze FOIA case law; draft/edit DC DCT brief | 7 | $350 | $2450.00 | 0.3 | 735 |
| 5/11/2015 | TEL | Draft/revise DC DCT Brief; consultation with HWA regarding same; review/analize FOIA case law | 4 | $350 | $1400.00 | 0.3 | 420 |
| 5/12/2015 | TEL | Draft/revise DC DCT Brief; consultation with HWA regarding same; review/analize FOIA case law | 3 | $350 | $1050.00 | 0.3 | 315 |
| 5/13/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits | 6.5 | $350 | $2275.00 | 0.3 | 682.5 |
| 5/14/2015 | HPG | Prepare Exhibits | 2 | $50 | $100.00 | 0.3 | 30 |
| 5/14/15 | HWA | Study new draft statement of facts and make revisions to same | 1.1 | $200 | $220.00 | 0.3 | 66 |
| 5/14/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits, review/analyze FOIA case law | 6.5 | $350 | $2275.00 | 0.3 | 682.5 |
| 5/15/2015 | CCA | Review, annotate, revise statement of facts for MSJ; email TL. | 0.7 | $75 | $52.50 | 0.3 | 15.75 |
| 5/15/2015 | HPG | Prepare Exhibits | 2 | $50 | $100.00 | 0.3 | 30 |
| 5/15/15 | HWA | Study draft table re. contacts between CA and DOJ, revise same, research | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 5/15/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits | 5.5 | $350 | $1925.00 | 0.3 | 577.5 |
| 5/18/2015 | CCA | Download, review, and organize files from TL for MSJ | 1.5 | $75 | $112.50 | 0.3 | 33.75 |
| 5/18/15 | HWA | Multiple teleconferences with T. Lewis re: FOIA strategy; revie and revise draft brief; research FOIA, revise draft statement of material facts and proposed order | 2.7 | $200 | $540.00 | 0.3 | 162 |
| 5/18/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits and additional filings for MSJ | 5 | $350 | $1750.00 | 0.3 | 525 |
| 5/19/2015 | SAH | Draft/edit MSJ | 1 | $300 | $300.00 | 0.3 | 90 |
| 5/19/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits and additional filings for MSJ | 5 | $350 | $1750.00 | 0.3 | 525 |
| 5/20/15 | HWA | Multiple teleconferences with T. Lewis re: FOIA briefing strategy, prepare draft declaration; perform spot research | 1 | $200 | $200.00 | | 60 |
| 5/20/2015 | SAH | Draft/edit MSJ | 1 | $300 | $300.00 | 0.3 | 90 |
| 5/20/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits and additional filings for MSJ | 5 | $350 | $1750.00 | 0.3 | 525 |
| 5/21/2015 | CCA | Close review MSJ, identify typos. | 2 | $75 | $150.00 | 0.3 | 45 |
| 5/21/2015 | CCA | Draft emails TL re HB thoughts on MSJ (including necessary research). | 1.7 | $75 | $127.50 | 0.3 | 38.25 |
| 5/21/15 | HWA | Respond to T. Lewis emails re: briefing strategy; consider waiver issue; review cases; multiple teleconferences with T. Lewis | 0.7 | $200 | $140.00 | 0.3 | 42 |
| 5/21/2015 | TEL | Draft/revise DC DCT Brief; prepare exhibits and additional filings for MSJ | 6 | $350 | $2100.00 | 0.3 | 630 |
| 5/22/2015 | HPG | Prepare exhibits; formatting of final documents | 7 | $50 | $350.00 | 0.3 | 105 |

| Date | | Description | Hours | Rate | Amount | | Total |
|---|---|---|---|---|---|---|---|
| 5/22/15 | HWA | Respond to emails from T Lewis; review draft statement of facts and table of exhibits | 1 | $200 | $200.00 | 0.3 | 60 |
| 5/22/2015 | SAH | Draft/edit MSJ | 2 | $300 | $600.00 | 0.3 | 180 |
| 5/22/2015 | TEL | Draft/revise DC DCT Brief, prepare exhibits and additional filings for MSJ | 6 | $350 | $2100.00 | 0.3 | 630 |
| 5/24/15 | HWA | Revise draft final brief | 0.7 | $200 | $140.00 | 0.3 | 42 |
| 5/25/15 | HWA | Review draft of brief and make comments re: same; draft proposed introduction | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 5/25/2015 | TEL | Final edits to brief and other MSJ documents | 2 | $350 | $700.00 | 0.3 | 210 |
| 5/26/2015 | HPG | Prepare exhibits, formatting and filing of final documents | 8 | $50 | $400.00 | 0.3 | 120 |
| 5/26/2015 | SAH | Filed MSJ | 0.5 | $300 | $150.00 | 0.3 | 45 |
| 5/26/2015 | TEL | Final edits to brief and other MSJ documents | 2 | $350 | $700.00 | 0.3 | 210 |
| 5/29/2015 | SAH | Filed supplemental documents in support of MSJ | 0.3 | $300 | $90.00 | 0.3 | 27 |
| 7/15/2015 | CCA | Prepare Govt filings as unitary document for printing; PO docs | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 7/15/15 | HWA | Review DOJ filings re: MSJ | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 7/15/2015 | TEL | Review/analyze government response; consultation with co-counsel and client regarding same | 4.1 | $350 | $1435.00 | 0.3 | 430.5 |
| 7/16/2015 | CCA | Review Hodes thoughts on motion. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 7/16/2015 | TEL | Review/analyze government response; consultation with co-counsel and client regarding same | 3.1 | $350 | $1085.00 | 0.3 | 325.5 |
| 7/17/2015 | CCA | Review Govt Response to MSJ. Research re and annotate | 3 | $75 | $225.00 | 0.3 | 67.5 |
| 7/17/2015 | TEL | Review/analyze government response, consultation with co-counsel and client regarding same | 2.6 | $350 | $910.00 | 0.3 | 273 |
| 7/18/15 | HWA | Continue study of government MSJ materials; re-review opening MSJ materials, research evidentiary objections, begin drafting reply brief | 4.5 | $200 | $900.00 | 0.3 | 270 |
| 7/19/2015 | CCA | Review Govt Response to MSJ, 3/4/2015 hearing transcript.Draft notes, emails TL | 3.5 | $75 | $262.50 | 0.3 | 78.75 |
| 7/19/15 | HWA | Continue work on MSJ reply brief, including re: Vaughn Index, b5, and segrability | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 7/21/2015 | CCA | Further review and research re Govt Response and related issues. | 1 | $75 | $75.00 | 0.3 | 22.5 |
| 7/22/2015 | CCA | Research re and download all Ellen Iluvelle opinions re FOIA/DOJ Email TL Additional research and notes re 3/4/2015 transcript. | 2.7 | $75 | $202.50 | 0.3 | 60.75 |
| 7/24/15 | HWA | Continue work on MSJ reply; study cases that the DOJ cited | 1 | $200 | $200.00 | 0.3 | 60 |
| 7/27/2015 | CCA | Review draft MSJ Reply | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 7/27/15 | HWA | Finish draft of reply for MSJ; proofread same | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 7/27/2015 | SAH | Draft/edit Reply Brief in support of MSJ | 1 | $300 | $300.00 | 0.3 | 90 |
| 7/27/2015 | TEL | Draft/edit Reply memorandum in DC litigation; review/analyze case law and statutes | 2 | $350 | $700.00 | 0.3 | 210 |
| 7/28/2015 | TEL | Draft/edit Reply memorandum in DC litigation | 3 | $350 | $1050.00 | 0.3 | 315 |
| 7/29/15 | HWA | Work on response to statement of facts; review S. Hodes brief edits | 2.5 | $200 | $500.00 | 0.3 | 150 |
| 7/29/2015 | TEL | Draft/edit Reply memorandum in DC litigation | 3.3 | $350 | $1155.00 | 0.3 | 346.5 |

| Date | | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 7/30/2015 | TEL | Draft/edit Reply memorandum in DC litigation; consultation with client regarding same | 3.3 | $350 | $1155.00 | 0.3 | 346.5 |
| 7/31/2015 | TEL | Draft/edit Reply memorandum in DC litigation; consultation with client regarding same | 4.3 | $350 | $1505.00 | 0.3 | 451.5 |
| 8/1/2015 | CCA | Review latest draft Reply Brief. Annotate and email TL. | 1.3 | $75 | $97.50 | 0.3 | 29.25 |
| 8/1/2015 | TEL | Draft/edit Reply memorandum in DC litigation; consultation with client and co-counsel regarding same | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 8/2/2015 | CCA | Review and emails TL re Reply Brief. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 8/2/2015 | TEL | Draft/edit Reply memorandum in DC litigation; consultation with client and co-counsel regarding same | 5 7 | $350 | $1995.00 | 0.3 | 598.5 |
| 8/3/2015 | CCA | Emails TL re Touby, HB visit, Granger, Rappe. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 8/3/2015 | CCA | Process and emails TL re Exhibit A. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 8/3/2015 | CCA | Review re draft Reply, emails TL. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 8/3/15 | HWA | Review draft MSJ brief, comment on same | 0.2 | $200 | $40.00 | 0.3 | 12 |
| 8/3/2015 | TEL | Draft/edit Reply memorandum in DC litigation; consultation with client and co-counsel regarding same | 5.5 | $350 | $1925.00 | 0.3 | 577.5 |
| 8/4/2015 | CCA | Proof final Reply, email TL. | 0.7 | $75 | $52.50 | 0.3 | 15.75 |
| 8/4/2015 | CCA | Redact final Reply and revise as per TL. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 8/4/15 | HWA | Study final draft of MSJ and make last round of comments | 0.3 | $200 | $60.00 | 0.3 | 18 |
| 8/4/2015 | TEL | Draft/edit Reply memorandum in DC litigation; consultation with client and co-counsel regarding same; file brief and associated documents | 6 5 | $350 | $2275.00 | 0.3 | 682.5 |
| 8/5/2015. | CCA | Review Granger court docs from Gailey as per TL. | 1.8 | $75 | $135.00 | 0.3 | 40.5 |
| 8/7/2015 | CCA | Review Gailey Fed Dist docs. | 1.4 | $75 | $105.00 | 0.3 | 31.5 |
| 8/9/2015 | CCA | Further review Gailey Fed Dist docs. | 1.5 | $75 | $112.50 | 0.3 | 33.75 |
| 8/10/2015 | CCA | Emails TL re filings. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 8/10/2015 | CCA | Draft detailed email TL re Gailey Granger materials | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 8/12/2015 | CCA | Review detailed Gailey background report re Granger | 1 | $75 | $75.00 | 0.3 | 22.5 |
| 8/25/15 | HWA | Review and make comments to draft reply | 0.7 | $200 | $140.00 | 0.3 | 42 |
| 9/20/2015 | CCA | Research DC docket. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 9/20/2015 | CCA | Research re DC 3-4-2015 transcript. | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 10/7/2015 | TEL | Review/analyze Order from DC OCT regarding hearing and additional in camera review; consultation with client and co-counsel regarding same | 0.7 | $350 | $245.00 | 0.3 | 73.5 |
| 10/9/2015 | TEL | Consultation with AUSA regarding scheduling in DC OCT case; review proposed consent motion and Order | 1 3 | $350 | $455.00 | 0.3 | 136.5 |

| Date | | Description | Hours | Rate | Amount | | Total |
|---|---|---|---|---|---|---|---|
| 10/21/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC DCT; consultation with client regarding same | 1.1 | $350 | $385.00 | 0.3 | 115.5 |
| 10/22/15 | HWA | Study MSJ briefs and review cases to prepare oral argument outline | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 10/22/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC DCT; consultation with client regarding same | 0.5 | $350 | $175.00 | 0.3 | 52.5 |
| 10/23/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC DCT; consultation with client regarding same | 1.5 | $350 | $525.00 | 0.3 | 157.5 |
| 10/24/2015 | TEL | Draft/revise oral argument preparation, review prior briefing and record before the DC DCT; consultation with client regarding same | 1.6 | $350 | $560.00 | 0.3 | 168 |
| 10/26/2015 | CCA | Research, tcs Granger defense attorneys. | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 10/27/2015 | CCA | Research, tcs Granger defense attorneys. | 1 | $75 | $75.00 | 0.3 | 22.5 |
| 10/27/2015 | CCA | Email TL re Granger attorneys | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 10/28/2015 | CCA | Draft email TL re Granger litigation. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 10/29/2015 | CCA | Research re DC reporter. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 10/29/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC OCT; consultation with client regarding same | 2.6 | $350 | $910.00 | 0.3 | 273 |
| 10/31/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC DCT; consultation with client regarding same | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 11/2/2015 | CCA | Research re and tcs DC reporter; email TL. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 11/2/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC OCT; consultation with client regarding same | 2.7 | $350 | $945.00 | 0.3 | 283.5 |
| 11/3/15 | HWA | Travel to DC | 2.5 | $200 | $500.00 | 0.3 | 150 |
| 11/3/2015 | TEL | Draft/revise oral argument preparation; review prior briefing and record before the DC DCT; consultation with client regarding same | 6 | $350 | $2100.00 | 0.3 | 630 |
| 11/4/2015 | CCA | Revew, download, file DC minute order. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 11/4/15 | HWA | Prepare for oral argument with T Lewis; attend oral argument; meet with T Lewis re: post-argument strategy session; travel from DCA to GSP | 6.75 | $200 | $1350.00 | 0.3 | 405 |
| 11/4/2015 | SAH | Attend motions hearing | 2 | $300 | $600.00 | 0.3 | 180 |
| 11/4/2015 | TEL | DC motions hearing; preparation and appearance (travel); consultation with co-counsel and client regarding same | 12 | $350 | $4200.00 | 0.3 | 1260 |
| 11/5/2015 | SAH | Prepare analysis of FOIA issues discussed at conference | 0.3 | $300 | $90.00 | 0.3 | 27 |
| 11/5/2015 | TEL | Review/analyze DC Hearing Transcript; formulate action list going forward; consultation with client and co-counsel | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 11/6/15 | HWA | Prepare draft motion to redact transcript, study transcript to mark proposed redactions; multiple emails with T. Lewis | 1 | $200 | $200.00 | 0.3 | 60 |

| Date | | Description | Hours | Rate | Amount | | Total |
|---|---|---|---|---|---|---|---|
| 11/6/2015 | TEL | Review/analyze DC Hearing Transcript; formulate action list going forward, consultation with client and co-counsel | 2 | $350 | $700.00 | 0.3 | 210 |
| 11/9/15 | HWA | Re-read transcript to confirm appropriate redactions; prepare draft email to DOJ r: preserving documents and fee petition; multiple emails with T Lewis | 0.4 | $200 | $80.00 | 0.3 | 24 |
| 11/10/15 | HWA | Draft proposed motion and order to continue fee petition deadline; email T. lewis re: strategy vis-à-vis DOJ | 0.2 | $200 | $40.00 | 0.3 | 12 |
| 11/16/15 | HWA | Teleconference with T. Lewis re: FOIA strategy in light of gov't decision to withhold documents | 0.1 | $200 | $20 00 | 0.3 | 6 |
| 11/17/2015 | CCA | Review and print correspondence and docket re DC. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 11/17/2015 | TEL | Review/analyze DC DCT correspondence; consultation with opposing counsel; draft/file motion to stay fee application; consultation with co- counsel regarding next steps in DC DCT | 1.9 | $350 | $665.00 | 0.3 | 199.5 |
| 11/18/2015 | CCA | Download, file, process. review government production (DC). | 4.5 | $75 | $337.50 | 0.3 | 101 25 |
| 11/18/2015 | TEL | Consultation with opposing counsel regarding rolling production in DC FOIA case; Review/analyze DOJ FOIA production | 2.1 | $350 | $735.00 | 0.3 | 220.5 |
| 11/19/2015 | CCA | Emails TL re Vaughn Index, Friedman in Govt Production. | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 11/19/2015 | TEL | Review/analyze DOJ FOIA production; consultation with opposing counsel regarding same | 1.5 | $350 | $525.00 | 0.3 | 157.5 |
| 11/20/2015 | TEL | Review/analyze DOJ FOIA production; consultation with client and co- counsel regarding same | 0.8 | $350 | $280.00 | 0.3 | 84 |
| 11/23/2015 | TEL | Review/analyze DOJ FOIA production; consultation with client and co- counsel regarding same | 1.7 | $350 | $595.00 | 0 3 | 178.5 |
| 11/23/2015 | TEL | Consultation with opposing counsel regarding consent to Vaughn and schedule for objections to production | 0.5 | $350 | $175.00 | 0.3 | 52 5 |
| 11/24/2015 | TEL | Review/analyze DOJ FOIA production, consultation with client and co- counsel regarding same | 1.4 | $350 | $490.00 | 0.3 | 147 |
| 11/25/15 | HWA | Draft motion to modify schedule in DC litigation | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 11/25/2015 | TEL | Consultation with opposing counsel regarding consent to Vaughn and schedule for objections to production | 0.3 | $350 | $105.00 | 0 3 | 31.5 |
| 11/29/2015 | CCA | Review Govt production, create bookmarks, split into constituent | 3 | $75 | $225.00 | 0.3 | 67 5 |
| 11/29/2015 | CCA | Emails TL re Govt production, duplicates, Granger signing for supervisor | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 11/29/15 | HWA | Draft objection to DOJ production; review numerous emails re: same | 0.4 | $200 | $80 00 | 0.3 | 24 |
| 11/29/2015 | TEL | Draft consent motion & objections to DOJ production | 1.5 | $350 | $525.00 | 0.3 | 157.5 |
| 11/30/2015 | TEL | Review/analyze EOUSA Motion for Clarification; consultation with client and co-counsel regarding same | 0.8 | $350 | $280.00 | 0.3 | 84 |

| 12/1/2015 | CCA | Download DC docket, entries. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
|---|---|---|---|---|---|---|---|
| 12/1/2015 | CCA | Emails TL re Morgan Index; GU. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 12/1/2015 | CCA | Revew Morgan Index. Research doc we have from 46 boxes. Identify other entries. | 0.7 | $75 | $52.50 | 0.3 | 15.75 |
| 12/1/2015 | SAH | Draft/edit Motion for Clarification | 1 | $300 | $300.00 | 0.3 | 90 |
| 12/1/2015 | TEL | Review/analyze government's Morgan index and motion for clarification | 0.5 | $350 | $175.00 | 0.3 | 52.5 |
| 12/2/2015 | CCA | Research EDNY discovery re if Morgan document included. Email TL. | 3 | $75 | $225.00 | 0.3 | 67.5 |
| 12/2/2015 | CCA | Research re defendant names from production. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 12/3/2015 | TEL | Review/analyze government's Morgan index and motion for clarification | 1 | $350 | $350.00 | 0.3 | 105 |
| 12/4/2015 | CCA | Draw up names of Granger case defendants for Gailey; email TL. | 0.6 | $75 | $45.00 | 0.3 | 13.5 |
| 12/4/15 | HWA | Work on objection to gov't production / Morgan issue; research re. same | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 12/4/2015 | TEL | Draft/revise objections to EOUSA production | 0.5 | $350 | $175.00 | 0.3 | 52.5 |
| 12/5/15 | HWA | Continue work on objection; teleconference with T. Lewis re: strategy; study publicly released comments | 4 | $200 | $800.00 | 0.3 | 240 |
| 12/5/2015 | TEL | Draft/revise objections to EOUSA production | 0.7 | $350 | $245.00 | 0.3 | 73.5 |
| 12/6/15 | HWA | Teleconference with T. Lewis re: briefing strategy; work on response to motion to clarify | 1.1 | $200 | $220.00 | 0.3 | 66 |
| 12/7/15 | HWA | Finish drafting response to motion to clarify; draft shell declaration for C. Arnwine | 1.5 | $200 | $300.00 | 0.3 | 90 |
| 12/7/2015 | TEL | Draft/revise response to DOJ Motion to Clarify; draft/revise objections to EOUSA production; consultation with client and co-counsel regarding same | 1.8 | $350 | $630.00 | 0.3 | 189 |
| 12/8/2015 | CCA | Identify Camillo-Montoya, GF docs in production that may in Morgan Index for decl, filing. | 0.7 | $75 | $52.50 | 0.3 | 15.75 |
| 12/8/2015 | CCA | Draft decl for filing | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 12/8/2015 | TEL | Draft/revise response to DOJ Motion to Clarify; | 3 | $350 | $1050.00 | 0.3 | 315 |
| 12/9/2015 | CCA | Edit Decl, Review Objection re Morgan filing and annotate for decl. Prepare exhs | 1.5 | $75 | $112.50 | 0.3 | 33.75 |
| 12/9/2015 | CCA | Email TL re Klampfer, Granger patterns; Decl | 0.6 | $75 | $45.00 | 0.3 | 13.5 |
| 12/9/15 | HWA | Teleconference with T. Lewis re: DC litigation, review draft objection and make comments re: same; email with T. lewis; study Vaughn index, Morgan index, and accompanying declarations | 1.5 | $200 | $300.00 | | 90 |
| 12/9/2015 | SAH | Draft/edit objection to motion for clarification | 0.4 | $300 | $120.00 | 0.3 | 36 |
| 12/9/2015 | TEL | Draft/revise response to DOJ Motion to Clarify; draft/revise objections to EOUSA production; consultation with client and co-counsel regarding same | 2 | $350 | $700.00 | 0.3 | 210 |
| 12/10/2015 | CCA | Email TL re KC | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 12/10/2015 | CCA | Research DC docket items, download for HB. | 0.3 | $75 | $22.50 | 0.3 | 6.75 |
| 12/10/15 | HWA | Draft email to T. Lewis re insert for Morgan objection | 0.1 | $200 | $20.00 | 0.3 | 6 |

| Date | | Description | Hours | Rate | Amount | | Total |
|---|---|---|---|---|---|---|---|
| 12/10/2015 | TEL | Draft/revise response to DOJ Motion to Clarify; draft/revise objections to EOUSA production; consultation with client and co-counsel regarding same | 0.5 | $350 | $175.00 | 0.3 | 52.5 |
| 12/11/2015 | CCA | Research re Granger cites in 103 txes. Email TL. | 0.5 | $75 | $37.50 | 0.3 | 11.25 |
| 12/11/15 | HWA | Study draft objection and supporting materials; email T. Lewis re: suggested edits to same | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 12/11/2015 | TEL | Draft/revise response to DOJ Motion to Clarify, draft/revise objections to EOUSA production; consultation with client and co-counsel regarding same | 2 | $350 | $700.00 | 0.3 | 210 |
| 12/12/2015 | TEL | Draft/revise response to DOJ Motion to Clarify; draft/revise objections to EOUSA production; consultation with client and co-counsel regarding same | 2 | $350 | $700.00 | 0.3 | 210 |
| 12/14/2015 | CCA | Review and edit decl, confirm exhs. Emails TL | 1 | $75 | $75.00 | 0.3 | 22.5 |
| 12/14/15 | HWA | Multiple teleconferences and emails with T. Lewis re: DOJ's forthcoming motion for protective order, propose revisions to Gov't's draft consent | 0.3 | $200 | $60.00 | 0.3 | 18 |
| 12/14/2015 | TEL | Final edits and filing of objections to DOJ Motion to Clarify and production | 3.5 | $350 | $1225.00 | 0.3 | 367.5 |
| 12/15/2015 | CCA | Draft doc re DOJ production. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 12/16/2015 | CCA | Download, review filing re objections to Morgan, Vaughn. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 12/18/2015 | CCA | DC docket research. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 12/21/15 | HWA | Email T. Lewis re: Bloomgarden's thoughts on current briefing strategy | 0.1 | $200 | $20.00 | 0.3 | 6 |
| 12/24/2015 | CCA | Review Response to Protective Order in DC, prepare for HB. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 12/28/15 | HWA | Review DOJ reply brief and email T. Lewis re: same | 0.1 | $200 | $20.00 | 0.3 | 6 |
| 1/4/2016 | TEL | Prepare for DC hearing; review/analyze prior DC DCT filings; consultation with client and co-counsel regarding same | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 1/5/2016 | SAH | Attend status conference | 2 | $300 | $600.00 | 0.3 | 180 |
| 1/5/2016 | TEL | Appear in DC for hearing (travel); preparation for same | 10 | $350 | $3500.00 | 0.3 | 1050 |
| 1/6/2016 | CCA | Research DC case docket, Huvelle order. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 1/6/2016 | CCA | Initial review New DOJ production, emails TL. | 1.5 | $75 | $112.50 | 0.3 | 33.75 |
| 1/6/16 | HWA | Teleconference with T. Lewis, review multiple emails from T. Lewis, review draft motion for Vaughn index | 0.6 | $200 | $120.00 | 0.3 | 36 |
| 1/7/16 | HWA | Draft motion re: amend January 6 Order; review Gov't production; Study transcript of DC hearing; email T. Lewis re: same | 0.5 | $200 | $100.00 | 0.3 | 30 |
| 1/8/16 | HWA | Draft motion to seal USA brief and prepared redacted version of same | 0.3 | $200 | $60.00 | 0.3 | 18 |
| 1/11/2016 | CCA | Download DOJ notice of compliance. Research re decls. | 0.2 | $75 | $15.00 | 0.3 | 4.5 |
| 1/11/2016 | SAH | Review EOUSA release of documents | 0.5 | $300 | $150.00 | 0.3 | 45 |
| 1/12/2016 | CCA | Research re DOJ decls, notice or compliance. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 1/12/2016 | CCA | Research re and email TL re new DOJ production. Search re Klampfer, Ingalls, etc. | 1 | $75 | $75.00 | 0.3 | 22.5 |
| 1/12/16 | HWA | Review newly released documents from DC | 1.5 | $200 | $300.00 | 0.3 | 90 |

| Date | Initials | Description | Hours | Rate | Amount | 0.3 | Total |
|---|---|---|---|---|---|---|---|
| 1/12/2016 | TEL | Review/analyze re-release of DOJ production, consultation with counsel and client regarding same | 1.7 | $350 | $595.00 | 0.3 | 178 5 |
| 1/19/2016 | TEL | Draft/revise Motion for Vaughn Index | 2.2 | $350 | $770.00 | 0 3 | 231 |
| 1/20/2016 | SAH | Draft/edit Motion for Vaughn | 0.3 | $300 | $90.00 | 0.3 | 27 |
| 1/20/2016 | TEL | Draft/revise Motion for Vaughn Index | 11 | $350 | $385.00 | 0.3 | 115.5 |
| 1/22/2016 | CCA | Email Galley re Granger hrg locates | 0.2 | $75 | $15 00 | 0.3 | 4 5 |
| 1/23/2016 | TEL | Draft/revise Motion for Vaughn Index | 2.3 | $350 | $805 00 | 0.3 | 241.5 |
| 1/25/2016 | CCA | Emails TL re Granger writs | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 1/25/2016 | CCA | Review draft Vaughn motion. | 0.3 | $75 | $22 50 | 0.3 | 6.75 |
| ·1/25/16 | HWA | Review and make comments on revised motion for Vaughn index, correspond with T Lewis and S Hodes re. same | 0 2 | $200 | $40.00 | 0.3 | 12 |
| 1/25/2016 | TEL | Finalize draft and exhibits for Vaughn; consultation with 1 6 440 00 client and co-counsel regarding same | 1 6 | $350 | $560 00 | 0.3 | 168 |
| 1/26/2016 | TEL | Consultation with co-counsel regarding next steps in DC DCT case | 0.7 | $350 | $245.00 | 0.3 | 73.5 |
| 2/5/2016 | CCA | Tcs EDNY clerk office, research re NARA | 0.2 | $75 | $15 00 | 0 3 | 4.5 |
| 2/5/2016 | CCA | Research re Klampfer atty Dorg | 0 2 | $75 | $15 00 | 0 3 | 4.5 |
| 2/5/16 | HWA | Study MSJ opinion and consider next steps re: same | 0.2 | $200 | $40.00 | 0.3 | 12 |
| 2/5/2016 | TEL | Review/analyze DC opinion regarding 35-page letter under FOIA, consultation with co-counsel and client regarding same | 1 5 | $350 | $525.00 | 0.3 | 157 5 |
| 2/8/2016 | CCA | Research re DC docket, order, opinion. | 0.3 | $75 | $22 50 | 0.3 | 6 75 |
| 2/9/2016 | .CCA | Tc NARA KC. | 0.1 | $75 | $7.50 | 0.3 | 2.25 |
| 2/9/2016 | CCA | Review Resp to Motion to Show Cause | 0.1 | $75 | $7.50 | 0 3 | 2 25 |
| 2/9/2016 | CCA | Review New Govt production, break down Create chart re differences in | 4 | $75 | $300 00 | 0 3 | 90 |
| 2/11/16 | HWA | Draft motion to seal | 0.1 | $200 | $20.00 | 0.3 | 6 |
| 2/12/2016 | CCA | Followup w NARA re Klampfer file | 0 1 | $75 | $7.50 | 0.3 | 2.25 |
| 2/12/2016 | CCA | Draft detailed email TL re DOJ break down, incl review Govt Opp re Vaughn | 0.6 | $75 | $45 00 | 0.3 | 13 5 |
| 2/14/16 | HWA | Review motion for Vaughn index; draft reply in support of same | 1 2 | $200 | $240.00 | 0.3 | 72 |
| 2/14/2016 | TEL | Draft/revise reply in support of Motion for Vaughn, consultation with co- counsel regarding same | 0.5 | $350 | $175 00 | 0 3 | 52 5 |
| 2/15/2016 | CCA | DC case. review Resp to OSC, Vaughn Reply | 0.3 | $75 | $22.50 | 0 3 | 6.75 |
| 2/15/2016 | CCA | Review new DOJ production, pull docs Identify newly produced cases, docs Email TL | 0.9 | $75 | $67 50 | 0.3 | 20.25 |
| 2/15/2016 | CCA | Email TL re HB on Vaughn Reply | 0 1 | $75 | $7.50 | 0.3 | 2.25 |
| 2/15/16 | HWA | Revise drafts of reply re: Vaughn and response to show cause | 0 3 | $200 | $60.00 | 0.3 | 18 |

| Date | | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 2/15/2016 | TEL | Draft/revise reply in support of Motion for Vaughn, consultation with co- counsel regarding same | 1.2 | $350 | $420.00 | 0.3 | 126 |
| 2/16/2016 | CCA | Pull Sternlicht Coop agreement; other research re new DOJ production. | 0.4 | $75 | $30.00 | 0.3 | 9 |
| 2/16/2016 | TEL | Final edits and filing of reply in support of Motion for Vaughn, consultation with co-counsel regarding same | 1.8 | $350 | $630.00 | 0.3 | 189 |
| 2/17/2016 | CCA | Research re DC docket. | 0.3 | $75 | $22.50 | 0 | 0 |
| 2/17/2016 | TEL | Review/analyze DC Ct Order granting Motion for Vaughn, consultation with co-counsel regarding same | 0.5 | $350 | $175.00 | 0 | 0 |
| 3/3/2016 | CCA | Initial drafting of memo re defendants in similar position to HB re Granger from new production. | 0.3 | $75 | $22.50 | 0 | 0 |
| 3/3/2016 | CCA | Research re DOJ new production. Review, mark documents. | 0.7 | $75 | $52.50 | 0 | 0 |
| 3/7/2016 | CCA | Research re New DOJ production, documents of interest Emails TL. | 1 | $75 | $75.00 | 0 | 0 |
| 3/8/2016 | CCA | Research re, pull docs, revise memo re DOJ new production; cases similar to HB and codefendants similar to HB. | 3 | $75 | $225.00 | 0 | 0 |
| 3/8/2016 | CCA | Draft email TL re memo re DOJ new production; cases similar to HB and codefendants similar to HB. | 0.2 | $75 | $15.00 | 0 | 0 |
| 4/5/2016 | CCA | Numerous emails EDNY court reporters re transcripts. Order Klampfer addl tx. (135.18) | 0.2 | $75 | $15.00 | 0 | 0 |
| 4/5/2016 | CCA | Prepare and overnight mail Court Reporter re Klampfer as per HB. (USPS 22.95) | 0.3 | $75 | $22.50 | 0 | 0 |
| 4/6/2016 | CCA | Download, process, review, Klampfer tx. | 0.4 | $75 | $30.00 | 0 | 0 |
| 4/20/2016 | CCA | Download new Govt production re Vaughn index, process and file. | 0.3 | $75 | $22.50 | 0 | 0 |
| 4/20/16 | HWA | Teleconference with T. Lewis; study new Vaughn index | 0.7 | $200 | $140.00 | 0 | 0 |
| 4/21/2016 | SAH | Review EOUSA release of documents and revised Vaughn index | 1.5 | $300 | $450.00 | 0 | 0 |
| 4/21/2016 | TEL | Review EOUSA release of documents and revised Vaughn index | 3 | $350 | $1050.00 | 0 | 0 |
| 4/24/2016 | CCA | Review new Govt Vaughn production re proffer agreements, extract | 0.7 | $75 | $52.50 | 0 | 0 |
| 5/1/2016 | CCA | Review Vaughn Index/production, email TL. | 1.5 | $75 | $112.50 | 0 | 0 |
| 5/2/2016 | CCA | Review Vaughn Index/production, email TL. | 1.5 | $75 | $112.50 | 0 | 0 |
| 5/2/2016 | TEL | Consultation with client and co-counsel regarding DC DCT Vaughn index; review government's Vaughn and segregability disclosures; prepare notice of contested withholdings | 2.5 | $350 | $875.00 | 0 | |
| 5/3/2016 | TEL | Review government's Vaughn and segregability disclosures; prepare notice of contested withholdings | 1.3 | $350 | $455.00 | 0 | 0 |
| 5/5/2016 | TEL | Review government's Vaughn and segregability disclosures; prepare notice of contested withholdings | 2.1 | $350 | $735.00 | 0 | 0 |

| Date | Initials | Description | Hours | Rate | Amount | | |
|---|---|---|---|---|---|---|---|
| 5/6/2016 | TEL | Review government's Vaughn and segregability disclosures; prepare notice of contested withholdings; file same | 1.4 | $350 | $490.00 | 0 | 0 |
| 6/2/16 | HWA | Prepare motion to seal; prepare draft MSJ order | 0.4 | $200 | $80.00 | 0 | 0 |
| 6/8/2016 | SAH | Compile time table for application for attorney's fees and sanctions | 1.5 | $300 | $450.00 | 0.3 | 135 |
| 6/18/16 | HWA | Research fee awards, begin drafting brief re: motion for fees | 3 | $200 | $600.00 | 0.3 | 180 |
| 6/28/2016 | TEL | Compile time table for application for attorney's fees and sanctions | 2 | $350 | $700.00 | 0.3 | 210 |
| 7/5/2016 | TEL | Compile time table for application for attorney's fees and sanctions | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| 7/6/2016 | TEL | Compile time table for application for attorney's fees and sanctions | 2 | $350 | $700.00 | 0.3 | 210 |
| | HWA | Reply Brief | 4 | $200 | $800.00 | 0.3 | 240 |
| | TEL | Reply Brief | 2.5 | $350 | $875.00 | 0.3 | 262.5 |
| | | | | | | TOTAL | $43,617.00 |

Fees $43,617.00

Costs + $1,901.23

Total $45,518.23